UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-22780

MANUEL MARTINEZ,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
A LIBERIAN CORPORATION,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

Plaintiff, MANUEL MARTINEZ ("Plaintiff"), through undersigned counsel, sues Defendant, ROYAL CARIBBEAN CRUISES, LTD. ("RCCL"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1332 and 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

3. Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by Defendant.

4. Plaintiff is *sui juris* and is a resident and citizen of the State of Florida.

5. Plaintiff is entitled to a jury trial pursuant to *Leslie v. Carnival Corp.*, 22 So. 3d 561, 562 (Fla. 3d DCA 2008).

6. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County, Florida.

7. Defendant is a citizen of the State of Florida.

8. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS

10. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the RCCL *Navigator of the Seas*.

11. The incident occurred on or about October 28, 2019, while Plaintiff was a lawfully paying passenger aboard Defendant's cruise ship vessel, the RCCL *Navigator of the Seas*.

12. While Plaintiff was playing basketball on the court located on the top deck of the ship, a slippery substance on the court caused him to slip and fall. As a result of the fall, Plaintiff suffered severe injuries, including, but not limited to, a dislocated elbow. However, when Plaintiff

was seen by the ship's medical center, the ship's doctor and staff refused to reset/relocate Plaintiff's elbow.

13. At all times relevant, the subject basketball court, the subject floor, and the vicinity, were unreasonably dangerous, risk-creating, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

14. This area lacked adequate safety features to prevent Plaintiff's fall.

15. These hazardous conditions were known, or should have been known, to Defendant in the exercise of reasonable care.

16. These hazardous conditions existed for a period of time before the incident.

17. These conditions were neither open nor obvious to Plaintiff.

18. Nevertheless, at all times relevant, Defendant failed to adequately inspect the area of Plaintiff's incident for dangers.

19. At all times relevant, Defendant failed to adequately inspect the subject basketball court, area, the subject floor, and the vicinity, to ensure that they were reasonably safe, and in a reasonably safe condition.

20. At all times relevant, Defendant failed to eliminate the hazard(s).

21. At all times relevant, Defendant failed to properly maintain this area.

22. At all times relevant, Defendant failed to maintain the floor and the vicinity.

23. At all times relevant, Defendant participated in the design and/or approved the design of the subject basketball court, the subject floor and the vicinity

24. At all times relevant, Defendant participated in the installation and/or approved the installation of the subject basketball court, the subject floor, and the vicinity.

25. At all times relevant, Defendant participated in the design and/or approved the design of

the area surrounding the subject basketball court, the subject floor, and the vicinity.

26. At all times relevant, Defendant failed to properly train and supervise its employees/agents.

## COUNT I
## NEGLIGENCE

27. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 26 as is set forth herein.

28. Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

29. This duty includes, but is not limited to, the duty to provide its passengers reasonable care to inspect for and resolve dangerous, risk-creating, and hazardous conditions that passengers, including the Plaintiff, will likely encounter.

30. This duty also includes, but is not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

31. This duty also includes, but is not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

32. At all times material, Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with Defendant, breached the duty of reasonable care owed to Plaintiff and were negligent in one or more of the following ways:

   a. Installing a basketball court on Defendant's vessel that was inherently and unreasonably dangerous for passengers to use;

   b. Failing to keep and maintain the subject basketball court, area, floor, and the vicinity in a reasonably safe condition, so as to help prevent hazards to its passengers;

c. Failing to inspect, clean, keep and maintain the subject basketball court, area, floor, and the vicinity in a reasonably safe condition;

d. Failing to install proper and reasonable safeguards to prevent passengers from being injured when traversing the subject area;

e. Failing to take proper precautions for the safety of passengers using the subject area;

f. Failing to promulgate and/or enforce adequate policies and procedures for inspecting, cleaning and maintenance of the subject basketball court, area, floor, and the vicinity;

g. Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by Defendant, and which in the exercise of reasonable care should have been known by Defendant;

h. Failing to adequately train its crew to keep the subject basketball court, area, floor, and the vicinity free of hazards;

i. Failing to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, clean, and maintain the area of the ship where Plaintiff's incident occurred, and Defendant knew or should have known that this ship was inadequately staffed;

j. Failing to treat the subject basketball court, area, floor, and the vicinity to prevent them from becoming unreasonably slippery and/or otherwise unreasonably dangerous;

k. Failing to properly and safely instruct passengers making use the subject basketball court of the risks involved with the use of the subject area;

l. Failing to properly and adequately supervise the passengers, crew, and other employees/agents in the subject area;

m. Failing to take proper precautions for the safety of passengers when encouraging passengers to make use of the subject basketball court;

n. Failing to promulgate and/or enforce rules, restrictions or procedures to ensure the safety of passengers using the subject basketball court;

o. Failing to promulgate and/or enforce rules or procedures to ensure that crew members are adequately supervising the games taking place on the subject basketball court;

p. Failing to adequately train its crew to keep the subject basketball court, area, floor, and the vicinity, clean and free of hazards, and to warn and/or instruct passengers regarding

use of the subject area and the dangers pertaining thereto;

q. Failing to engage proper and reasonable safeguards to prevent passengers from being injured while making use of the subject basketball court;

r. Negligently designing, approving, and/or failing to inspect and remedy the subject basketball court, area, floor, and the vicinity;

s. Failing to provide safety equipment to passengers using the subject area;

t. Failing to warn Plaintiff of the dangers of using the subject basketball court and/or failing to warn Plaintiff of the risk creating conditions;

u. By failing to prevent and/or causing the subject basketball court, area, floor, and the vicinity to become slippery and/or hazardous;

v. Failing to provide proper drainage in the subject area;

w. Failing to provide proper and adequate medical care in its infirmary, including, but not limited to, failing to adequately treat Plaintiff, failing to diagnose Plaintiff's injuries and/or misdiagnosing his injuries, and aggravating the severity of the injuries by the ship's medical staff;

x. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence;

y. Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

z. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

33. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

34. Defendant either (a) had actual knowledge of the risk- creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

35. As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury

resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.

36. The losses are either permanent or continuing in nature.

37. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, MANUEL MARTINEZ, demands Judgment against Defendant for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, MANUEL MARTINEZ, demands trial by jury on all issues so triable.

**Dated:** July 7, 2020.

ARONFELD TRIAL LAWYERS
Attorneys for Plaintiff
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:   (305) 441.0440
F:   (305) 441.0198

By:   */s/ Spencer Aronfeld*
Spencer M. Aronfeld, Esq.
Florida Bar No.: 905161
aronfeld@Aronfeld.com
Matthias M. Hayashi, Esq.
Florida Bar No.: 115973

mhayashi@aronfeld.com
Abby H. Ivey, Esq.
Florida Bar No.: 1002774
aivey@aronfeld.com